Peck, J.
delivered the opinion of the court.
The question in this case is, can the action be maintained? Lusk has a judgment for these costs against Kenne: had they been collected and paid over, the clerk would have received for himself the portion the law allows him. The judgment for costs following the determination of the suit, was the only natural and consistent mode that could be adopted by the legislature. To have entered separate judgments for the part of each officer, witness or other attendant, would have been confused and the labour endless; but in effect the taxation of the costs separates and makes distinct each claimant’s part, insomuch that there never has been difficulty when the costs have been made, for the court through its officer to make payment. Here the fund was not made to satisfy the costs claimed in this action. There is no difficulty in perceiving that the duty was performed at the instance of Lusk, and for his benefit: as to the. amount charged there cannot be imposition, because the law regulates the charges separately.
But it is said that Lusk has recovered, and the cost following the event of the suit, if not made out of defendant, is lost to others having performed services. If this argument proved any thing, it would go to establish that the fictitious mode of giving the judgment for, and collecting costs, on the execution, would be turned to defeat the implied assumpsit of Lusk to pay for the services. The *461 rule is the other way; fictions may he resorted to for the attainment oí justice, but not to deteat it. It is just as honest to pay a clerk for his services, as to pay a mechanic for his labour. At common law it is clear the action in this form would lie; and we do not perceive in any of the statutable provisions touching the collection of costs, that which would defeat it. .
Judgment affirmed.